United States District Court
Southern District of Texas
**ENTERED**
March 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| TODD ALLEN TERRELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:22-CV-00003 |
| § | |
| LUCILLE SCHERER, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

This is a proceeding brought by *pro se* Plaintiff Todd Allen Terrell. For the reasons stated below, the undersigned **RECOMMENDS** this case be **DISMISSED**.

On February 16, 2022, a telephonic hearing was held. Plaintiff appeared as did Thomas Arvel Benson from the same telephone number. Mr. Benson, who is not a licensed attorney or otherwise appropriate person to represent Plaintiff, attempted to make arguments on Plaintiff's behalf. 28 U.S.C. § 1654; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (A *pro se* Plaintiff cannot be represented by a non-lawyer); *Tarpley v. McClain*, 834 F. App'x 978, 979 n.1 (5th Cir. 2021) (same); *Peter v. Atlas*, No. H-22-80, 2022 WL 363276, at *2 (S.D. Tex. Jan. 13, 2022) ("Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent the interests of others, even as a next friend.") When the undersigned informed Mr. Benson that he could not represent Plaintiff in federal court, Mr.

Benson became argumentative and hung up, terminating the connection with not only himself but with the Plaintiff.

The same day, the undersigned entered an order resetting the hearing to March 17, 2022 at 10:00 a.m. Plaintiff was ordered to appear telephonically or via Zoom and was advised that he must appear on his own device and he would be required to speak on his own behalf if he had not retained an attorney licensed to appear before this Court. (D.E. 7). Further, Mr. Benson, as a member of the public, was informed he may listen to the hearing if he chose but he must do so on a separate device from Plaintiff and could not speak unless called upon by the Court. (D.E. 7).

Plaintiff was advised that if he failed to appear or actively participate in the rescheduled hearing, his case may be dismissed. (D.E. 7); *McCullough v. Lynaugh,* 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b) (A district court may dismiss an action for failure to prosecute or to comply with any order of the Court). Plaintiff was further advised that his current complaint, which is 110 pages in length, contained nonsensical allegations in an unorganized manner and did not comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff was also advised his complaint was subject to dismissal and that the purpose of the hearing was to permit him to clarify his claims to permit him to proceed with his case. (D.E. 7).

Plaintiff failed to appear at the hearing and has not otherwise contacted the Court since the February 16, 2022 hearing. Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

*Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED on March 17, 2022.

                                                    Jason B. Libby
                                     United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).